**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**JOSHUA DEMIEN MAGEE**                                                    **PETITIONER**

**v.**                                                    **CIVIL ACTION NO. 3:20-cv-101-CWR-MTP**

**SUPERINTENDENT JOE ERRINGTON**                                   **RESPONDENT**

<u>**REPORT AND RECOMMENDATION**</u>

THIS MATTER is before the Court on the Petition of Joshua Demien Magee for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254 and Respondent's Motion to Dismiss [7] pursuant to 28 U.S.C. § 2244(d).  Having considered the parties' submissions and the applicable law, the undersigned recommends that Respondent's Motion to Dismiss [7] be granted and the Petition [1] be dismissed with prejudice.

**PROCEDURAL HISTORY**

On June 14, 2016, in the Circuit Court of Rankin County, Mississippi, Petitioner was convicted of two counts of sexual battery against his then seven-year-old cousin. ([8-1] at 71-72).  On July 25, 2016, Petitioner was sentenced to serve forty (40) years in the custody of the Mississippi Department of Corrections for each count, with the sentences to be served concurrently. ([7-1]).  Petitioner appealed his conviction and sentence to the Mississippi Supreme Court, which assigned the case to the Mississippi Court of Appeals.  On December 12, 2017, the court of appeals, in a written opinion, affirmed the trial court's judgment. *See Magee v. State*, 231 So. 3d 243 (Miss. Ct. App. 2017).  Thereafter, Petitioner did not file a motion for rehearing, and the court of appeals issued its mandate on January 2, 2018. ([7-3]).

On May 22, 2019, Petitioner filed an application for leave to file a motion for post-conviction collateral relief in the Mississippi Supreme Court. ([8-8] at 5-30).  On June 19, 2019,

the supreme court denied the application. ([7-4]).  On February 19, 2020, Petitioner submitted his

Petition for Writ of Habeas Corpus [1].[1]  Thereafter, Respondent filed a Motion to Dismiss [7],

arguing that the Petition is not timely filed and should be dismissed.

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act ("AEDPA") specifies that a petitioner

seeking federal habeas relief must file a federal petition within one year from "the date on which

the judgment became final by the conclusion of direct review or the expiration of the time for

seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th

Cir. 2003).  The Fifth Circuit clarified the law for purposes of determining when a state

conviction becomes final pursuant to Section 2244(d)(1)(A) by holding that:

> The language of § 2244(d)(1)(A) provides that a decision becomes final by the
> conclusion of direct review or the expiration of the time for seeking such review.
> We previously held that direct review includes a petition for writ of certiorari to
> the Supreme Court.  Therefore, the conclusion of direct review is when the
> Supreme Court either rejects the petition for certiorari or rules on its merits.  If the
> conviction does not become final by the conclusion of direct review, it becomes
> final by the expiration of the time for seeking such review.  We previously held
> that this includes the ninety days allowed for a petition to the Supreme Court
> following the entry of judgment by the state court of last resort.  If the defendant
> stops the appeal process before that point, the conviction becomes final when the
> time for seeking further direct review in the state court expires.

*Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

---

[1] The Petition was stamped filed in this Court on February 24, 2020.  "Under the 'mailbox rule,'
a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison
officials for mailing to the district court." *Coleman v. Johnson*, 184 F.d 398, 401 (5th Cir. 1999).
Petitioner did not date his Petition, but his attached affidavit was dated February 19, 2020. ([1-
2]).  Additionally, the envelope which contained the Petition indicates that it was delivered to
prison officials on February 19, 2020. ([1-5]).  Weighing all doubts in Petitioner's favor, the
undersigned will use the earlier date of February 19, 2020, as the date Petitioner "filed" his
Petition.

On December 12, 2017, the Mississippi Court of Appeals rendered its decision. *See Magee*, 231 So. 3d at 251.  Petitioner had until December 26, 2017, to file a motion for rehearing, but he did not file such a motion. *See* Miss. R. App. P 40(a).  Because Petitioner stopped the appeal process prior to the conclusion of direct review in the state court, Petitioner's judgment became final—and the statute of limitations for federal habeas relief began to run—on December 26, 2017.  Petitioner was required to file his federal habeas petition by December 26, 2018, unless he is entitled to statutory and/or equitable tolling. 28 U.S.C. § 2244(d)(1)(A). Petitioner filed his Petition on February 19, 2020, more than a year after the judgment became final.

**<u>Statutory Tolling</u>**

Whether tolling occurred during the period between the judgment becoming final on December 26, 2017, and Petitioner filing his federal Petition on February 19, 2020, is determined by reference to 28 U.S.C. § 2244(d)(2), which provides for tolling of the one-year limitation period during the time in "which a properly filed application for State post-conviction or collateral review" remains pending.  As previously stated, Petitioner filed his application for leave to file a motion for post-conviction collateral relief on May 22, 2019. ([8-8] at 5-30).  By the time Petitioner signed this application, the time for a filing federal habeas petition had expired.

Thus, the application for leave to file a motion for post-conviction collateral relief did not toll the limitation period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that a state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the limitation period expired); *Baldwin v. Parker*, 2006 WL 3858896, at*3 (S.D.

Miss. Dec. 28, 2006).  Accordingly, Petitioner did not benefit from statutory tolling under §

2244(d), and his federal habeas filing deadline remained December 26, 2018.

**Equitable Tolling**

The decision to apply the equitable tolling doctrine to the one-year limitation period set

forth in § 2244(d) rests within the sound discretion of the district court. *Fisher v. Johnson*, 174

F.3d 710, 713 (5th Cir. 1999).  Generally, equitable tolling is appropriate only in "rare and

exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).  Equitable

tolling "applies principally where the plaintiff is actively misled by the defendant about the cause

of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson*,

184 F.3d 510, 513 (5th Cir. 1999).  Additionally, in order to establish that he is entitled to

equitable tolling, Petitioner must demonstrate "that he has been pursuing his rights diligently . . .

." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).  Courts should "examine each case on its

facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify

equitable tolling." *Fisher*, 174 F.3d at 713 (quoting *Davis*, 158 F.3d at 811).  Petitioner,

however, bears the burden of proving the existence of rare and exceptional circumstances which

warrant equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

In his Petition [1], Petitioner argues that he is actually innocent, and in his Response [11]

to the Motion to Dismiss, Petitioner argues that, after the Mississippi Court of Appeals rendered

its judgment, his appellate counsel failed to advise him of his right to file a motion for rehearing

and motion for post-conviction collateral relief.

Beginning with Petitioner's argument concerning appellate counsel, the undersigned

notes that Petitioner's failure to file a motion for rehearing—whether or not that failure is

attributable to his counsel—may have affected when Petitioner's conviction became final, but it

4

did not affect his duty to diligently pursue his rights in federal court once his conviction became final. Moreover, "mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *see also United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) ("Ineffective assistance of counsel is irrelevant to the tolling decision. Likewise, a petitioner's *own* ignorance or mistake does not warrant equitable tolling, and it would be rather peculiar to treat a trained attorney's error more leniently than we treat a *pro se* litigant's error."). Petitioner has failed to demonstrate that he was prevented in some extraordinary way from asserting his rights and nothing in the record indicates the presence of rare and exceptional circumstances warranting equitable tolling.

Turning to Petitioner's claim of actual innocence, the Supreme Court has explained that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). However, "tenable actual-innocence gateway pleas are rare . . . ." *Id.* In order for a petitioner to meet the threshold requirement, he must persuade "the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Petitioner must produce "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 824.

A habeas action is not a retrial, and Petitioner enjoys no presumption of innocence. In fact, actual innocence claims "'come . . . before the habeas court with a strong—and in the vast majority of cases conclusive—presumption of guilt.'" *Bosley v. Cain*, 409 F.3d 657, 664 (5th Cir. 2005) (quoting *Schlup*, 513 U.S. at 326). The issue for this Court is not whether reasonable

doubt may have existed if new information were presented to the jury, but rather that no reasonable juror would have found the defendant guilty. *Schlup*, 513 U.S. at 329.

As the Mississippi Court of Appeal succinctly stated:

Joshua Magee was convicted of two counts of sexual battery relating to his then seven-year-old cousin . . . . At the time of the offense, Magee was thirty-three years of age and living in the same household as the victim. The victim disclosed repeated acts of sexual abuse after she and Magee were caught together late at night without explanation.

*See Magee*, 231 So. 3d at 246.

In support of his actual innocence claim, Petitioner submits thirty-seven written statements from relative, friends, neighbors, and acquaintances. The undersigned has reviewed all thirty-seven statements. The statements are not eyewitness accounts. Nearly all of the statements include positive remarks concerning Petitioner's character and/or requests for leniency, and a few contain expressions of disbelief that Petitioner would have committed sexual battery. ([1-1]). Two of the individuals stated that the seven-year-old victim had displayed inappropriate behavior and had previously accused another man of inappropriate touching. ([1-3]; [1-4]). None of the statements, however, constitute new evidence showing it is more likely than not that no reasonable juror would have convicted Petitioner. Petitioner has not submitted exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence. Thus, Petitioner's submissions fall far short of demonstrating actual innocence.

Petitioner also argues that an expert witness who testified as his trial "failed to reliably apply the professional principles and methods to the facts" [1] at 14. This argument, however, is not new evidence. The bases for attacking the witness's testimony were known or should have been known to Petitioner at the time of his trial and do not demonstrate that no reasonable juror would have found him guilty.

6

**CONCLUSION**

Petitioner's state court judgment became final on December 26, 2017.  Based upon the one-year limitation period found in 28 U.S.C. § 2244(d)(1)(A), Petitioner was required to file his federal habeas petition by December 26, 2018.  Petitioner filed his Petition on February 19, 2020.  Petitioner has failed to establish that he is entitled to statutory or equitable tolling.  Accordingly, he cannot avoid the statutory bar of § 2244(d).

**RECOMMENDATION**

For the reasons stated above, the undersigned recommends that Respondent's Motion to Dismiss [7] be GRANTED and that the Petition for Writ of Habeas Corpus [1] be DISMISSED with prejudice.

**NOTICE OF RIGHT TO OBJECT**

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party.  The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 31st day of August, 2020.

s/ Michael T. Parker
United States Magistrate Judge