# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**JOSHUA DEMIEN MAGEE**                                                                                                **PETITIONER**

**V.**                                                                                        **CAUSE NO. 3:20-CV-101-CWR-MTP**

**SUPERINTENDENT JOE ERRINGTON**                                                                  **RESPONDENT**

## ORDER

Before the Court is Petitioner Joshua Demien Magee's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 [Docket No. 1] and Respondent Superintendent Joe Errington's Motion to Dismiss [Docket No. 7]. On August 31, 2020, United States Magistrate Judge Michael T. Parker filed a Report and Recommendations on the motion, recommending that Magee's petition be denied and Errington's motion be granted. Docket No. 13. On review, the Report and Recommendations will be adopted, Errington's motion will be granted, and Magee's petition will be dismissed.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") specifies that a petitioner seeking federal habeas review must file a federal petition within one year "from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003).

On December 12, 2017, the Mississippi Court of Appeals denied Magee's direct appeal and affirmed his conviction and sentence. Under the Mississippi Rules of Appellate Procedure, Magee had "14 days after a decision is handed down on the merits," or December 26, 2017, to file a motion for rehearing. Miss. R. App. P. 40(a). Magee did not file a petition for rehearing, and therefore his judgment became final on December 26, 2017. The statute of limitations for federal

habeas belief also began running on that date. Thus, Magee was required to file his habeas petition by December 26, 2018. 28 U.S.C. § 2244(d)(1)(A).

Magee did not file his petition for federal habeas relief until February 19, 2020, which means his petition is untimely.

Magee's objections to the Report and Recommendations focus on the court's decision to deny equitable tolling. A "court can allow an untimely petition proceed under the doctrine equitable tolling 'in extraordinary circumstances.'" *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (citing *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). Courts "must examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Id.* at 714. The petitioner must demonstrate "that he has been pursuing his rights diligently." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012). Additionally, the petitioner bears the burden of proving the existence of rare and exceptional circumstances which warrant equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Magee presents two arguments for equitable tolling: first, that he is actually innocent and second, that after the Mississippi Court of Appeals issued its judgment, his appellate counsel failed to advise him of his right to file a motion for rehearing and motion for post-conviction collateral relief. His objections to the Report and Recommendations focus on the second argument.

First, "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). However, "tenable actual-innocence gateway pleas are rare." *Id.* Petitioner must produce "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 824. Additionally, the petitioner must persuade

"the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

Magee has provided affidavits from family, friends, and neighbors to support his actual innocence claim. Like the Magistrate Judge, this Court has reviewed them and similarly finds that these submissions do not meet Magee's burden in establishing actual innocence. Similarly, Magee's contention that an expert witness at his trial "failed to reliably apply the professional principles and methods to the facts," Docket No. 1 at 14, is not new evidence that meets Magee's burden to establish actual innocence.

Second, Magee contends that his attorney for his direct appeal breached the duty of care by not informing him that he had 14 days to file a petition for rehearing. Magee asserts that if his attorney had advised him of that time period, he would have exercised his rights in a timely manner, with his family helping him retain counsel for future proceedings. As the Report and Recommendations concluded, however, this did not affect his duty to diligently pursue his rights in federal court once his conviction became final. "[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Fisher*, 174 F.3d at 714. Additionally, "mere attorney error or neglect is not an extraordinary circumstance to justify equitable tolling." *United States v. Petty*, 5.3d 361, 367 (5th Cir. 2008). Therefore, this Court must agree with the Report and Recommendations that equitable tolling is not warranted in this case.

Therefore, the Report and Recommendations is adopted, Errington's motion is granted, and Magee's petition is dismissed. No certificate of appealability shall issue.

**SO ORDERED**, this the 4th day of March, 2021.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
